IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN BEDSAUL CROTTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )    CIV-04-1505-M |
| | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. §405(g) of the final decision of Defendant Commissioner denying her applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §416(i), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

1

I. Background

Plaintiff protectively filed her applications on April 29, 2002. (TR 79-81, 92, 545-546). Plaintiff alleged she became unable to work on April 15, 2002. (TR 83, 92). Her applications were administratively denied. (TR 42, 43, 537, 538). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Wampler ("ALJ") on July 31, 2003. (TR 28-41). At this hearing, Plaintiff and a medical expert ("ME") testified. Subsequently, the ALJ issued a decision in which the ALJ found that Plaintiff has severe impairments due to substance-induced psychotic disorder, substance-induced mood disorder, and polysubstance dependence. (TR 27). The ALJ further found that these severe impairments meet the requirements of the agency's Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.09 ("Listing 12.09"). However, the ALJ concluded that Plaintiff is not disabled because alcohol and drug abuse is a contributing factor which is material to the determination of her disability. (TR 26-27). The Appeals Council for the agency declined Plaintiff's request for review of the administrative decision (TR 7-9), and Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

II. Plaintiff's Claims and Defendant's Response

Plaintiff contends that there is not sufficient evidence to support the ALJ's finding that her drug and alcohol abuse is a factor material to her disability. In this regard, Plaintiff alleges that the ALJ did not complete the requisite analysis by evaluating her physical and

mental limitations and determining whether any or all of Plaintiff's remaining limitations would remain if she stopped using drugs and alcohol and whether these limitations would be disabling. Relying on Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) and Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996), Plaintiff further alleges that the ALJ's failure to discuss or explain the weight given to various medical opinions in the record warrants reversal of the administrative decision. Defendant Commissioner responds that no error occurred in the ALJ's evaluation of the evidence and that the Commissioner's decision is supported by substantial evidence and should therefore be affirmed.

III. Standard of Review

Judicial review of this Complaint is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). The Court will look to the record as a whole to determine whether the evidence which supports the Commissioner's decision is substantial in light of any contradicting evidence. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984); Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983)(*per curiam*). If the Commissioner fails to apply the correct legal standard or substantial evidence does not support the Commissioner's decision, the Court may reverse the Commissioner's findings. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984)(*per curiam*). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th

Cir. 1992). To find that the Commissioner's decision is supported by substantial evidence in the record, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 1382c(a)(3)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f) (2005); see also Williams v. Bowen, 844 F.2d 748, 750-752 (10th Cir. 1988)(describing five steps in detail). The claimant bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912 (2005); Turner v. Heckler, 754 F.2d 326, 328 (10th Cir. 1985). Where the plaintiff makes a *prima facie* showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show "the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." Turner v. Heckler, 754 F.2d at 328; Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

Under the Social Security Act, "[a]n individual shall not be considered to be disabled [under the Social Security Act] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).   When determining whether drug or

alcohol abuse is material to a finding of disability, an ALJ must determine whether the claimant would still be found disabled if the claimant stopped using drugs and/or alcohol. 20 C.F.R. § 404.1535(b)(1). In making this determination, the ALJ must evaluate the claimant's current physical and mental limitations, determine which of these limitations would remain if the claimant stopped using drugs or alcohol, and then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. § 404.1535(b)(2). If the ALJ determines that the remaining limitations would not be disabling, then the ALJ must find that the claimant's drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(b)(2)(i). If the ALJ determines that the remaining limitations are disabling, then the ALJ must find that the claimant is disabled independent of the claimant's drug addiction or alcoholism and find that the drug addiction or alcoholism is not a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(b)(2)(ii).

IV. Analysis

In Plaintiff's case, the ALJ found at step three of the sequential evaluation procedure that Plaintiff's severe mental impairments met the requirements for the agency's Listing of Impairments as set forth in Listing 12.09. This Listing describes substance addiction disorders by referring to the requirements set out in the Listings for other impairments

generally associated with substance abuse disorders, including organic mental disorders, depressive syndrome, anxiety disorders, personality disorders, peripheral neuropathies, liver damage, gastritis, pancreatitis, or seizures.

The record shows that Plaintiff has been hospitalized and treated on numerous occasions for mental impairments directly associated with her long and extensive history of abusing numerous illegal substances. Her treating psychiatrists have consistently diagnosed Plaintiff as having a substance-induced mood disorder, a substance-induced psychotic disorder, and/or polysubstance dependence. (TR 121, 131, 179, 238-239, 300, 434, 438-439, 445, 452, 503, 520). One of her treating psychiatrists, Dr. Kuekes, at Western State Psychiatric Center where Plaintiff had received in-patient treatment on three occasions, described her as having a "recurrent mental illness .... associated with a personality disorder and significant substance abuse." (TR 434, 438-439). At her administrative hearing, Plaintiff testified that she has an extensive history of abusing "street drugs," mainly methamphetamine, and that she had recently been released from treatment associated with her drug dependence. (TR 30-36). In fact, the record shows that Plaintiff underwent laboratory testing on July 29, 2003, two days before her administrative hearing, and that the tests showed the presence of two illegal narcotic substances in her blood. (TR 530). This laboratory testing was conducted in connection with her voluntary admission for treatment at Griffin Memorial Hospital on July 24, 2003, where she admitted to a counselor that she had a "long history" of abuse of numerous substances, including marijuana, cocaine, amphetamines, methamphetamines, pain medications, and inhalants. (TR 520-522). The

diagnosis of the treating psychiatrist at the time of her admission on July 24, 2003, was substance-induced mood disorder, post-traumatic stress disorder, polysubstance dependence, and borderline personality traits. (TR 520). She reported to her treating counselor at Griffin Memorial Hospital on July 28, 2003, that she began using illegal substances, specifically marijuana, and "crank," at age 15, that she used drugs intravenously, and that she had contracted hepatitis C as a result. (TR 516-517). Plaintiff's record is replete with evidence supporting the ALJ's finding that Plaintiff is disabled due to her substance addiction disorder.

Plaintiff asserts that the ALJ's materiality finding is contrary to law because it does not consider McGoffin v. Barnhart, 288 F.3d 1248, 1253 (10th Cir. 2002). In McGoffin, the Tenth Circuit Court of Appeals recognized in dicta that "'when it is not possible to separate the mental restrictions and limitations imposed by [drug and alcohol use] and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate.'" Id. at 1253 (quoting Social Security Administration Emergency Teletype, response to question 29 (Aug. 30, 1996), available at http://www.ssas.com/daa-q & a.htm)). The ALJ did not, however, find it impossible to separate the Plaintiff's mental restrictions and limitations imposed by her drug addiction from "the various other mental disorders." The ALJ found that Plaintiff's other mental impairments and limitations were induced by her substance abuse. Plaintiff's medical record reflects that she has continued to abuse drugs without any significant period of abstinence and that she has repeatedly sought medical treatment for mental impairments resulting from her continuing abuse of numerous illegal

substances. There is substantial evidence in the record to show that her depression and psychotic disorder are directly associated with and caused by her substance abuse. The ALJ applied the correct legal standards to this determination, and no error occurred in this regard.

Plaintiff also contends that the ALJ erred by not specifically discussing the opinions of certain treating and examining physicians in the record. Plaintiff refers to the diagnosis of Dr. Feldman, the medical opinion of Dr. Dichter, the diagnosis by Dr. Kuekes, the diagnosis by Dr. Zielinski, the medical residual functional capacity statement submitted by Dr. Zielinski, and the medical opinions of Dr. Kane and Dr. Ball. Plaintiff's Brief, at 11-12. However, Plaintiff does not suggest how a determination as to the weight to be given these physicians' opinions, assessments, and diagnoses would have or should have altered the ALJ's decision. The ALJ stated in his decision that he had "carefully read and considered all of the evidence and testimony shown in the record, including all evidence submitted subsequent to the hearing....[including] those exhibits not cited in the opinion..." (TR 24). The ALJ is not required to address each piece of evidence in the record. Moreover, none of these physicians opined that Plaintiff was disabled or unable to work as a result of any medical impairment. The majority of the medical reports and opinions cited by the Plaintiff provide evidence supporting the ALJ's decision, including the opinions of Dr. Feldman, Dr. Kueke, and Dr. Zielinski.

Plaintiff refers to Dr. Dichter's diagnosis of bipolar disorder, depression, and probable schizophrenia. However, Dr. Dichter stated that his diagnosis was based on Plaintiff's history. (TR 195). Although the physician noted that Plaintiff exhibited several symptoms,

8

including "pressured speech, flight of ideas and poor concentration," during this consultative evaluation of Plaintiff conducted in July 2002 (TR 194), Plaintiff sought treatment at a mental health clinic a month later in August 2002. She reported at that time that she was abusing methamphetamines (TR 456), a substance which the ME testified probably caused the symptoms cited by Dr. Dichter. (TR 37).

Plaintiff also refers to Dr. Zielinski's diagnosis in November 2002 that Plaintiff has personality disorders, including borderline personality disorder and antisocial personality traits, in the Axis II portion of the psychiatrist's diagnosis. (TR 452). The diagnosis of mental disorders involves a multi-axial evaluation in which Axis I refers to "the individual's primary clinical disorders that will be the foci of treatment" and Axis II refers to "personality or developmental disorders." Schwartz v. Barnhart, No. 02-6158, 70 Fed. Appx. 512, *516 n. 1 (10th Cir. July 16, 2003)(unpublished op.). Dr. Zielinski's Axis I diagnosis was history of methamphetamine dependence and mood disorder probably due to her methamphetamine dependence. (TR 452). This primary diagnosis supports the ALJ's findings at steps two and three regarding Plaintiff's severe mental impairments. Plaintiff has not shown how any personality disorders limited her ability to function separately from her substance addiction disorder and other mental impairments induced by her substance addiction disorder, and there is no evidence in the record to support this suggestion. No error occurred in this respect.

Plaintiff also refers to a treatment note by a treating professional identified by Plaintiff as Dr. M. Kane although his signature is not legible. In this note, the treating professional at Red Rock Behavioral Health Services notes in July 2002 that Plaintiff's "basic problem

9

is probably that of bipolar disorder [for which] she tried to self-medicate [with] various chemicals...." (TR 464). As the ME pointed out at the hearing, this treatment note was speculative as the treating professional actually diagnosed Plaintiff as having polysubstance dependence and an affective disorder. (TR 38). Plaintiff also refers to the report of Dr. Ball who performed a one-time consultative mental status evaluation of Plaintiff for the agency on August 1, 2002. (TR 199-200). In this report, Dr. Ball found that Plaintiff exhibited a reading level sufficient to allow her to follow simple written instructions or fill out a simple job application form, that she appeared to be functioning in the borderline range of intelligence, that she had adequate long term memory but she had difficulties with short term memory, and his diagnosis was schizophrenia, paranoid type, and borderline intellectual functioning. (TR 199-200). The ALJ did not err in disregarding this consultative evaluation. The diagnosis of schizophrenia was obviously based solely on Plaintiff's subjective statements. The ME testified that this diagnosis was "completely contraindicated by the rest of the mental record" and she had not received treatment for schizophrenia by any other professional. (TR 37). No intellectual testing was undertaken to support Dr. Ball's diagnosis of borderline intelligence, and the ME pointed out in the hearing that Dr. Ball's report reflected that Plaintiff had only "a little bit of trouble with short term memory" and that her concentration was intact. (TR 37). Plaintiff also refers to Dr. Ball's note that Plaintiff fidgeted in her chair, pulled on her ears, and appeared very nervous during the evaluation. (TR 199). Again, these symptoms are explicable in light of the entire record reflecting her

10

continuing abuse of drugs, particularly methamphetamines, for which she sought treatment shortly after her evaluation by Dr. Ball. (TR 456-458).

Because there is substantial evidence in the record to support the ALJ's finding that Plaintiff's substance addiction disorder meets the requirements of Listing 12.09 and that her substance addiction disorder is a material, contributing factor to this determination, the Commissioner's decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for disability insurance and supplemental security income benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before      October 12th      , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this      22nd      day of      September      , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE